IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ANNETTE NAGENGAST, | * |
| Plaintiff, | * |
| v. | * |
|  | *   Civil No. 24-1103-BAH |
| NICHOLAS FIORELLO, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Annette Nagengast ("Plaintiff") brought suit in state court[1] against Nicholas Fiorello ("Defendant") or ("Fiorello"), an employee of the United States Department of Labor's Wage and Hour Division ("DOL") alleging that she was denied $809.40 in unemployment compensation. ECF 4 (state court complaint), at 1.[2] Defendant removed this case to federal court. ECF 1, at 2. Defendant filed a motion to dismiss and a memorandum in support on June 21, 2024. ECF 11. Plaintiff was sent a Rule 12/56 notice that same day warning that if Plaintiff failed to "file a timely written response . . . the Court may dismiss the case or enter judgment against [her] without further opportunity to present written argument." ECF 12, at 1. No response was received from Plaintiff, and the time to file one has passed. For the reasons noted below, the motion to dismiss is **GRANTED**.

---

[1] The case was originally filed on March 15, 2024 in the District Court of Maryland for Baltimore County. *See Annette Nagengast v. Nicholas Fiorello*, Case No. D-08-CV-24-014446 (Dist. Ct. Balt. Cnty.).

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

## I. ALLEGED FACTS

Plaintiff alleges in her short complaint that she "lost [her] job in December of 2022" and "applied for unemployment." ECF 4, at 1. She was awarded $213 a week. *Id.* Plaintiff alleges she did not receive three unemployment checks totaling $809.40. *Id.* Plaintiff names Fiorello as the lone defendant and identifies Fiorello as an employee of DOL. *Id.* Plaintiff fails, however, to detail what actions, if any, Fiorello took to deny Plaintiff the three checks beyond stating that when she apparently checked Maryland's online unemployment insurance "portal" to see the status of the checks, "it said 'pending, no actions.'" *Id.* Though Plaintiff alleges the "checks resumed," Plaintiff claims that Plaintiff "was never given the chance to recover" checks from those weeks that she presumably did not receive a check. *Id.* Plaintiff seeks the $809.40 in unemployment payments and $120 for "time spent in court." *Id.*

Defendant notes in the motion to dismiss that "[t]he federal government does not administer a federal unemployment program." ECF 11, at 2. Instead, Defendant alleges that "[t]he Maryland Department of Labor administers Maryland's unemployment benefits program." *Id.* (citing Md. Code Ann., Lab. & Empl. § 8-301 (indicating that Maryland's unemployment insurance title is administered by two state divisions "under the supervision of the Secretary"); *id.* at §§ 8-101(m), (x) (defining "Department" as "Maryland Department of Labor" and "Secretary" as the "Secretary of Labor").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009).  A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face.  *Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'"  *Swaso v. Onslow Cnty. Bd. Of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits."  *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

Here, because Plaintiff brings this suit pro se, the Court must liberally construe her pleadings, holding them to a less stringent standard than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  This leniency has its limits, though.  "A court may not construct the plaintiff's legal arguments for [the plaintiff], nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'"  *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd,* 368 F. App'x 361 (4th Cir. 2010)).

**III.  ANALYSIS**

Defendant argues the complaint must be dismissed because "[t]here is no private cause of action against a United States agency – the US DOL – stemming from issues with the administration of a state unemployment benefits program."  ECF 11, at 4.  Defendant asserts that "Maryland State law explicitly delegates authority to distribute unemployment funds to the

Division of Workforce Development, which is a state agency." *Id.* (citing Md. Code Ann., Lab. & Empl. §§ 8-303(g), 8-301).

In *Green v. Mee*, Judge Garbis faced a motion to dismiss an almost identical lawsuit alleging errors in the disbursement of unemployment insurance. As Judge Garbis noted:

> Plaintiff's complaint appears to be an attempt by him to sue the Maryland Department of Labor, Licensing and Regulation (DLLR) for its determination that he is ineligible for unemployment benefits because he was discharged from his job for aggravated misconduct as defined in Md. Labor & Employment Code Ann. § 8–1002.1. . . . There is no federal cause of action that is available to [the plaintiff] for judicial review of an administrative agency decision. To the extent that diversity of citizenship jurisdiction might be asserted for [the plaintiff's] claim that his due process rights were violated, he has available to him a State remedy, i.e., appeal of the administrative agency decision to the State Circuit Court, that has not been exhausted. This Court may not, as a matter of comity, accept jurisdiction over a claim that has not yet been addressed by the State courts. *See Granberry v. Greer*, 481 U.S. 129, 134–35 (1987). Accordingly, [the plaintiff's] claims to the extent that they challenge the validity of the DLLR determination that he is not entitled to unemployment benefits must be dismissed.

Civ. No. 02-CV-2719-MJG, 2002 WL 32703118, at *1 (D. Md. Aug. 26, 2002), *aff'd*, 54 F. App'x 142 (4th Cir. 2002), *and aff'd*, 54 F. App'x 142 (4th Cir. 2002). Judge Garbis's reasoning appears to apply to the instant allegations as the decision to deny unemployment benefits was made by the state DLLR, not the DOL. Since Plaintiff raises no allegation against the DOL beyond vaguely naming Fiorello as a defendant, the case must be dismissed.

Dismissal is also appropriate here where Fiorello's alleged actions, or lack thereof, and their relationship to Plaintiff's alleged injury go entirely undescribed. The Court cannot permit Plaintiff "to go forward on a claim based on factual allegations in which basic questions of who did what are completely unclear." *Proctor v. Metro. Money Store Corp.*, 579 F. Supp. 2d 724, 744 (D. Md. 2008). Such is the case here where Plaintiff has named Fiorello as the lone defendant but failed to allege that he, or the DOL for that matter, played any role in the alleged loss of $809.40.

4

*See* Fed. R. Civ. P. 8(a) (requiring a short and plain statement of the claim showing the pleader is entitled to the relief sought).

### IV. CONCLUSION

Even under the lenient standard of *Haines* afforded to pro se litigants, Plaintiff fails to allege facts sufficient to support her claim. For this reason, the motion to dismiss the complaint, is **GRANTED**. A separate implementing order will issue.

Dated: February 11, 2025  

/s/
Brendan A. Hurson
United States District Judge